COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
JEFFREY W. HERRMANN
Park 80 West-Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
201-845-9600
jwh@njlawfirm.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELLEN S. WERTHEIM, individually and on behalf of others similarly situated, | Civil Action Number: |
| Plaintiff, | CLASS ACTION |
| vs. | **CLASS ACTION COMPLAINT** |
| TOYOTA MOTOR SALES USA, INC. d/b/a LEXUS, | JURY DEMAND |
| Defendant. | |

Plaintiff Ellen S. Wertheim, residing at 17-06 Calabrese Place, Fair Lawn, New Jersey, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her attorneys, Cohn Lifland Pearlman Herrmann & Knopf LLP, complains against the defendant Toyota Motor Sales USA, Inc. d/b/a Lexus ("Lexus" or "Defendant") as follows:

## NATURE OF CASE

1. This is a consumer class action pursuant to Fed. R. Civ. P. 23 brought on behalf the Plaintiff and all New Jersey citizens who in connection with either an outright purchase or lease of a Lexus automobile model 2015 GS 350, expended funds in purchasing a "cold weather package" from Lexus.

2. The Plaintiff brings this class action to secure compensatory relief on behalf of herself and all other class members who have suffered harm as a result of the purchase of the cold weather package option as part of their purchase or lease of a 2015 Lexus GS 350 (the "Automobile"). As set forth below, the Plaintiff alleges that the Defendant induced consumers to purchase this cold weather package so that they would obtain a heated steering wheel when in fact the Automobile sold or leased to Class Members did not contain a heated steering wheel. Plaintiff asserts claims for damages for violation of applicable New Jersey consumer protection statutes.

## PARTIES

3. Plaintiff Ellen S. Wertheim resides in the Borough of Fair Lawn, County of Bergen, State of New Jersey. On June 19, 2015, she agreed to lease from Lexus of Englewood a brand new 2015 Lexus model GS 350. Further, she agreed to pay additional funds for an option known as the Cold Weather Package. Plaintiff had previously leased earlier model Lexus automobiles and in each occasion paid for and in fact received as part of the Cold Weather Package a heated steering wheel.

4. Defendant Toyota Motor Sales USA, Inc. is a corporation with its principal place of business in Torrance, California. This entity is responsible for the sale and marketing of automobiles under the Lexus brand through its unincorporated Lexus Division. At all relevant times, the Defendant marketed and sold Lexus automobiles in the State of New Jersey as well as throughout the United States. Said Defendant further is responsible for preparing sales literature including sales brochures concerning the 2015 Lexus GS 350 and various options that would be available to a consumer purchasing or leasing the Automobile.

**JURISDICTION AND VENUE**

5. This Court has original jurisdiction over this class action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(a)(d)(2), (5)(b)(d), and (6) because (i) the Plaintiff and Defendant are citizens of different States, (ii) there are more than 100 class members, and (iii) there is an aggregate amount in controversy of at least $5,000,000 exclusive of interest and cost.

**CLASS ALLEGATIONS**

6. This action is brought and may properly proceed as a class action, pursuant to the provisions of Fed. R. Civ. P. 23. The Plaintiff brings this action on behalf of herself and all others similarly situated New Jersey citizens. The proposed Fed. R. Civ. P. 23(b)(3) Class is to be composed of all New Jersey citizens who purchased or leased a 2015 Lexis GS 350 who paid an additional sum to obtain a Cold Weather Package for the Automobile (the "Plaintiff Class").

7. This action is properly maintainable as a Class Action. While the precise number of members of the Plaintiff Class cannot be ascertained without discovery of documents in possession of the Defendant, Plaintiff believes that the Plaintiff Class consists of hundreds, if not thousands of persons and therefore is so numerous that joinder of all members is impracticable.

8. There are questions of law that are common to the members of the Plaintiff Class including (a) whether the business practices and misrepresentations made by Lexus concerning the inclusion of a heated steering wheel as part of the Cold Weather Package constitute violations of the New Jersey Consumer Fraud Act; (b) whether the members of the Plaintiff Class suffered an ascertainable loss as a result of such violations; (c) the quantum of damages.

9. Because the Plaintiff's claims and the claims of other members of the Plaintiff Class were derived from a common nucleus of operative facts, the Plaintiff's claims are typical of the claims of all members of the Plaintiff Class.

10. The Plaintiff will fully and adequately protect the interest of the Plaintiff Class. The Plaintiff has retained the services of experienced class counsel to prosecute the claims on behalf of the Plaintiff Class and has no interest antagonistic to those of other members of the Plaintiff Class.

11. The members of the Plaintiff Class where owed the same duties by Lexus and sustained the same damages arising out of the same type of wrongful conduct of Lexus. Common questions of law and fact far predominate over any questions effecting individual members.

12. Because the damage sustained by individual Class Members will be relatively small given the magnitude and consummate cost of litigation if this matter is not permitted to proceed on behalf of a class, many, if not all Class Members, will be denied the ability to properly present their claims.

13. No difficulties are likely to be encountered in the management of this action as a Class Action and it is desirable to litigate in one form the claims of the Plaintiff Class.

14. For these reasons, a Class Action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL AND LEGAL ALLEGATIONS
### (Violations of the New Jersey Consumer Fraud Act)

15. Plaintiff, on behalf of herself and on behalf of all similarly situated re-asserts and incorporates by reference each and every allegation set forth in the preceding paragraphs 1 - 14 as though stated in full herein.

16. At all relevant times, Defendant Lexus has been involved in the sale and marketing of an automobile model commonly known as the 2015 Lexus GS 350. Lexus offers consumers this model containing a wide variety of equipment known as standard equipment at a manufacturer's suggested retail price of approximately $50,000. In addition, Lexus offered consumers a variety of optional equipment that could be purchased for additional cost.

17. Consumers, including all members of the Plaintiff Class, were provided a brochure prepared by the Defendant. This brochure which is entitled "15-GS" provides in addition to various photographs and marketing material, a description of these additional options that may be purchased to supplement the standard equipment contained in the Automobile. Among the optional packages provided, is the "Cold Weather Package". This package is standard on the more expensive GS 450H model, but must be purchased at an additional expense for those persons purchasing the GS 350 model.

18. The brochure prepared by the Defendant states the following:

### COLD WEATHER PACKAGE

Heated steering wheel // High-intensity interior heater // Headlamp washers // Windshield-wiper deicer // Water-repellent front-door glass // LED headlamps

19. Therefore, Lexus represented to Plaintiff and other members of the Plaintiff Class that should they agree to pay additional funds, they could purchase an option that would provide them with a heated steering wheel. The heated steering wheel had been included in the Cold Weather Package purchased by the Plaintiff in connection with the lease of an earlier Lexus and has, upon information and belief, been part of the Cold Weather Package since Lexus began marketing this option for this and other Lexus models.

20. Further, the Plaintiff agreed to purchase this option because of the promised heated steering wheel and would not have purchased the Cold Weather Package if she had been informed that a heated steering wheel would not be included. The Plaintiff's decision to include this option resulted in an increase in purchase price of $190.

21. The representation that the Cold Weather Package included the heated steering wheel was widely disseminated to the public. The Defendant's own website contained this representation. Further, prominent motor vehicle internet sites such as Motortrend.com and

5

Edmunds.com reported that purchasers of the 2015 Lexus GS 350 would receive a heated steering wheel should they choose to purchase as one of their options the Cold Weather Package.

22. In fact, none of the 2015 Lexus GS 350 automobiles sold in the United States contained heated steering wheels.

23. Plaintiff alleges that the Defendant Lexus in violation of N.J.S.A. 56:8-2 made material affirmative misrepresentations and engaged in prohibited affirmative acts by representing that a person who purchased at an additional cost the Cold Weather Package for the 2015 Lexus GS 350 would obtain a heated steering wheel when in fact the car as manufactured simply did not contain such equipment.

24. Plaintiff further alleges that in omitting to state that those consumers who purchased a Cold Weather Package option would not receive a heated steering wheel acted knowingly and intentionally making a material omission in violation of N.J.S.A. 56:8-2.

25. Plaintiff further alleges that having included a heated steering wheel as part of a Cold Weather Package in previous models and having prepared a brochure to be given to all prospective and actual purchasers of the Automobile that the heated steering would be contained within said package and having disseminated to the public information to this effect, the Defendant engaged in unconscionable commercial practice in violation of N.J.S.A. 56:8-2 by inducing purchasers to pay additional funds to obtain something that the Defendant knew would not be provided.

26. The Plaintiff and all members of the Plaintiff Class suffered an ascertainable loss as they did not receive the benefit of the bargain. Specifically, Plaintiff and other members of the Plaintiff Class paid additional funds to obtain a heated steering wheel as part of the Cold Weather

6

Package but did not receive same. Said ascertainable loss was the proximate result of Defendant's violation of N.J.S.A. 56:8-2.

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, demands judgment against Defendant as follows:

a. Certifying this matter as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) and maintainable under R. 23 of the Federal Rules of Civil Procedure and certifying an appropriate Class and/or Sub-Class and certifying Plaintiff as such Class Representative;

b. Appointing Plaintiff as Class Representative;

c. Appointing Plaintiff's attorneys as Class Counsel;

d. Awarding Plaintiff and members of the Plaintiff Class treble damages for violations of the New Jersey Consumer Fraud Act together with interest;

e. Awarding reasonable attorneys' fees and costs pursuant to N.J.S.A. 56:8-19;

f. Such other relief as the Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

>Respectfully submitted,
>
>COHN LIFLAND PEARLMAN
>  HERRMANN & KNOPF LLP
>*Attorneys for Plaintiffs*
>
>By: */s/ Jeffrey W. Herrmann*
>Jeffrey W. Herrmann, Esq.
>Park 80 West-Plaza One
>250 Pehle Ave., Suite 401
>Saddle Brook, NJ  07663
>(201) 845-9600
>jwh@njlawfirm.com

DATED: April 27, 2016